UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAVIER NUNEZ,

                    Plaintiff,

        -against-

MARK SILBER, et al.,

                    Defendants.

JAVIER NUNEZ,

                    Plaintiff,

        -against-

MARK SILBER,

                    Defendant.

23-CV-0625 (LTS)

25-CV-3879 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff is barred from filing any civil action in this court *in forma pauperis* ("IFP"),

arising from his "eviction and other related matters," without prior permission of the court.

*Nunez v. Silber*, No. 23-CV-0625 (LTS) (S.D.N.Y. Oct. 31, 2023) ("*Nunez I*"), ECF 17.[1] Plaintiff

appealed, and the United States Court for Appeals for the Second Circuit dismissed the appeal as

frivolous. *Nunez v. Fraser*, No. 23-7763 (2d Cir. Mar. 20, 2024).

On May 5, 2025, Plaintiff filed a new *pro se* complaint, *Nunez v. Silber*, No. 25-CV-3879

(LTS) ("*Nunez II*"). By order dated June 6, 2025, the Court dismissed *Nunez II* without prejudice

---

[1] As explained in the order, the Court imposed a limited filing injunction: (1) due to Plaintiff's history of vexatious litigation; (2) after warning him that such would occur if he kept filing frivolous complaints about the same matters; and (3) after giving him an opportunity to show cause why the bar order should not issue. *See Nunez I*, ECF 17.

because Plaintiff did not comply with the Court's October 31, 2023 bar order in *Nunez I*. *Nunez II,* ECF 5.

Plaintiff filed several motions: (1) asking the Court to vacate or modify the dismissal orders in *Nunez I* and *Nunez II*: (2) challenging the imposition of the filing injunction; (3) and seeking various other forms of relief. In an order dated June 18, 2025, the Court construed the motions as seeking reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure, and denied them. The Court reiterated that both cases were closed, and warned Plaintiff that if he continued filing documents in *Nunez I* and *Nunez II,* the Court would order him to show cause why he should not be barred from filing any future documents in both cases. *Nunez I*, ECF 31; *Nunez II* , ECF 10.

Plaintiff has, however, continued filing documents in both cases, including two motions "for relief from judgment pursuant to Fed. R. Civ. P. 60(b)" in *Nunez I*, ECF 32, 33; and a motion "for relief from judgment pursuant to Fed. R. Civ. P. 60(b)" and a motion "for judicial notice" in *Nunez II*, ECF 12, 13. The Court denies these motions, because Plaintiff has already sought and been denied reconsideration, and the motion "for judicial notice" in a closed case has no merit.

It is clear that Plaintiff will continue filing frivolous documents, and the Court cannot tolerate his ongoing abuse of its limited resources. The Court orders Plaintiff to show cause why he should not be barred from filing further documents in these cases, with the exception of documents directed to the Second Circuit. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant sua sponte without providing the litigant with notice and an opportunity to be heard."). Plaintiff shall submit to this Court, within 30 days of the date of this order, a written declaration setting forth good cause why this injunction should not be imposed

2

upon him by this Court. If Plaintiff submits a declaration form, it should bear the docket number

23-CV-625. The Court will consider it in connection with both cases. Should Plaintiff fail to

submit a declaration within the time directed, or should Plaintiff's declaration fail to set forth

good cause why this injunction should not be entered, he shall be barred from filing any further

documents in both cases, with the exception of documents directed to the Second Circuit.

## CONCLUSION

The Court denies all pending motions in these cases (No. 23-CV-0625, No. 25-CV-3879),

and the Clerk of Court is directed to terminate them.

The Court orders Plaintiff to show cause, within 30 days from the date of this order, why

he should not be barred from filing any further documents in these closed cases, with the

exception of documents directed to the Second Circuit. A declaration form is attached. If Plaintiff

submits a declaration form, it should bear the docket number 23-CV-0625 (LTS). Should Plaintiff

fail to submit a declaration within the time directed, or should Plaintiff's declaration fail to set

forth good cause why this injunction should not be entered, he shall be barred from filing any

further documents in these closed cases, with the exception of documents directed to the Second

Circuit.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would

not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:     February 4, 2026
           New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

-against-                                   Case No. _____ CV _____

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)                              Signature

_____

Name                                            Prison Identification # (if incarcerated)

_____

Address                        City                State        Zip Code

_____

Telephone Number (if available)                 E-mail Address (if available)

Page 2